Joshua N. Eppich
State Bar I.D. No. 24050567
Clay M. Taylor
State Bar I.D. No. 24033261
Brandon J. Tittle
State Bar I.D. No. 24090436
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile

ATTORNEYS FOR TRUSTEE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DEPENDABLE AUTO SHIPPERS, INC., | § | CASE NO. 16-34855-bjh11 |
| | § | |
| | § | CHAPTER 11 |
| Debtor. | § | |
| | § | |
| DANIEL J. SHERMAN, LIQUIDATING TRUSTEE OF THE DAS LIQUIDATING TRUST, | § § § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Adversary No. 17-_____ |
| | § | |
| VIAWEST INC., | § | |
| | § | |
| Defendant. | § | |
| | § | |

**COMPLAINT TO AVOID AND RECOVER PREFERENCES**

Daniel J. "Corky" Sherman, the Liquidating Trustee (the "Trustee") of the DAS Liquidating Trust (the "Trust"), files this complaint against ViaWest Inc. ("ViaWest").

## NATURE OF THE CASE

The Trustee seeks to avoid and recover from ViaWest, or from any other person or entity for whose benefit the transfers were made, all preferential transfers of property that occurred during the ninety (90) day period preceding the commencement of the bankruptcy proceedings of the Debtor pursuant to §§ 547 and 550 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

## JURISDICTION

1. This Court has subject matter jurisdiction over this adversary proceeding, which arises under title 11 in the United States Bankruptcy Court for the Northern District of Texas (the "Court"), captioned *In re Dependable Auto Shippers*, Case No. 16-34855, pursuant to 28 U.S.C. § 1334.

2. The statutory and legal predicates for the relief sought herein are §§ 502, 547, and 550 of the Bankruptcy Code and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

3. This adversary proceeding is a "core" proceeding to be heard and determined by the Court pursuant to 28 U.S.C. § 157(b)(2) and the Court may enter final orders for matters contained herein.

4. Venue is proper in the Northern District of Texas pursuant to 28 U.S.C. § 1409.

## PROCEDURAL BACKGROUND

5. On December 21, 2016 (the "Petition Date"), Dependable Auto Shippers, Inc. (the "Debtor") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court.

6. On January 16, 2017, the Debtor filed its Schedules of Assets and Liabilities (the "Schedules"). According to the Schedules, ViaWest was not scheduled as having a claim.

7. On April 27, 2017, the Debtor filed its *Fourth Amended Plan of Liquidation* [Docket No. 189] (the "Plan"). The Court entered an order confirming the Plan on April 28, 2017 [Docket No. 190] (the "Confirmation Order").

8. The effective date of the Plan (the "Effective Date") occurred on May 11, 2017 [Docket No. 208]. In accordance with the Plan and Confirmation Order, the Trust was established on the Effective Date of the Plan, and the Debtor and the Trustee entered into that certain Liquidating Trust Agreement (the "Trust Agreement"). Pursuant to the Plan and Trust Agreement, the Trustee was designated as the representative of the Estate[1] to enforce or pursue any Cause of Action transferred to the Trust after the Effective Date. Any proceeds of a Cause of Action shall be distributed pursuant to the terms of the Plan and Trust Agreement.

9. Pursuant to Section 4.6 of the Plan and Section VI.A of the *Modified Third Amended Disclosure Statement in Support of Third Amended Plan of Liquidation* [Docket No. 159] (the "Disclosure Statement"), Allowed Unsecured Claims are impaired classes of creditors and are not expected to be paid in full.

## THE PARTIES

10. Pursuant to Section 5.2 of the Plan, on the Effective Date, the Assets, including Causes of Action arising under §§ 547, 548, 549, and 550 of the Bankruptcy Code, were transferred and assigned to the Trust. The Trustee was appointed to serve as the Trustee and is authorized and has standing, among other things, to prosecute, settle, dismiss, abandon, or otherwise dispose of Causes of Action, including this avoidance action.

---

[1] All capitalized terms not otherwise defined herein shall the meanings ascribed to them in the Plan, Confirmation Order, and Trust Agreement.

11. Upon information and belief, ViaWest was, at all relevant times, a vendor or creditor of the Debtor. ViaWest may be served with this complaint and a summons via Joe Guerriero, General Counsel, ViaWest Inc., 6400 S. Fiddler's Green Circle, Suite 2000, Greenwood Village, CO 80111. ViaWest may also be served with this complaint and a summons via its registered agent, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, 211 E. 7th St., Suite 620, Austin, TX 78701.

## FACTUAL BACKGROUND

12. The Debtor operated a fleet of vehicle transport carriers in the United States through a sophisticated network of more than ninety-seven (97) storage facilities.

13. As a vehicle transport carrier, the Debtor regularly purchased goods from various entities including vendors, creditors, suppliers, insurers and distributors. The Debtor also regularly paid for services used to facilitate its business.

14. During the ninety (90) days before the Petition Date, that is between September 22, 2016 and December 21, 2016 (the "Preference Period"), the Debtor continued to operate its business affairs, including the transfer of property, either by check, cashier check, wire transfer, ACH transfers, direct deposits or otherwise to various entities.

15. The Trustee has completed an analysis of all readily available information of the Debtor and is seeking to avoid all of the transfers of an interest of the Debtor's property made by the Debtor to ViaWest within the Preference Period.

16. The Trustee has determined that the Debtor made transfer(s) of an interest of the Debtor's property to or for the benefit of ViaWest during the Preference Period through payments aggregating to an amount not less than $10,316.98 (the "Transfer" or "Transfers"). The details of each Transfer are set forth below.

| DATE | PAYMENT | CHECK NO. |
|---|---|---|
| 09/30/16 | 2,553.05 | 00350509 |
| 12/08/16 | 2,553.05 | 00351205 |
| 12/08/16 | 2,657.83 | 00351207 |
| 12/8/2016 | 2,553.05 | 00351208 |
| **TOTAL** | **$10,316.98** | |

17. During the course of this proceeding, the Trustee may learn (through discovery or otherwise) of additional transfers made to ViaWest during the Preference Period. It is the Trustee's intention to avoid and recover all transfers made by the Debtor of an interest of the Debtor in property and to or for the benefit of any other transferee. The Trustee reserves its right to amend this original Complaint to include further information regarding the Transfer(s) and/or additional transfers that may become known to the Trustee at any time during this adversary proceeding, through formal discovery or otherwise.

## CLAIMS FOR RELIEF

### COUNT I
**(Avoidance of Preference Period Transfers – 11 U.S.C. § 547)**

18. The Trustee incorporates all preceding paragraphs as if fully re-alleged herein.

19. During the Preference Period, the Debtor made Transfers to or for the benefit of ViaWest in an aggregate amount not less than $10,316.98.

20. Each Transfer was paid from the Debtor's bank account and constituted a transfer of an interest in property of the Debtor.

21. ViaWest was a creditor of the Debtor at the time of each Transfer by virtue of supplying goods and/or services for which the Debtor was obligated to pay following receipt of such goods and/or services.

22. Each Transfer was to or for the benefit of a creditor (ViaWest) within the meaning of 11 U.S.C. § 547(b)(1) because each Transfer either reduced or fully satisfied a debt or debts then owed by the Debtor to ViaWest.

23. Each Transfer was made for, or on account of, an antecedent debt or debts owed by the Debtor to ViaWest.

24. Each Transfer was made while the Debtor was insolvent. The Trustee is entitled to the presumption of insolvency for each Transfer made during the Preference Period pursuant to 11 U.S.C. § 547(f).

25. Each Transfer was made during the Preference Period.

26. As a result of each Transfer, ViaWest received more than ViaWest would have received if: (i) the Debtor's case were under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) ViaWest received payments of its debts under the provisions of the Bankruptcy Code. As evidenced by the Debtor's schedules filed in the underlying bankruptcy case as well as the proofs of claim that have been received to date, the Debtor's liabilities exceed its assets to the point that unsecured creditors will not receive a full payout of their claims from the Debtor's bankruptcy estate.

27. In accordance with the foregoing, each Transfer is avoidable pursuant to 11 U.S.C. § 547(b).

## COUNT II
### (Recovery of Avoided Transfers – 11 U.S.C. § 550)

28. The Trustee incorporates all preceding paragraphs as if fully re-alleged herein.

29. The Trustee is entitled to avoid the Transfer(s) pursuant to 11 U.S.C. § 547(b).

30. ViaWest was the initial transferee of the Transfer(s) or the immediate or mediate transferee of such initial transferee or the person whose benefit the Transfer(s) were made.

31. Pursuant to 11 U.S.C. § 550(a), the Trustee is entitled to recover from ViaWest the Transfer(s), plus interest from the date of demand at the maximum legal rate and to the fullest extent allowed by applicable law.

## **PRAYER**

The Trustee requests that this Court grant him the following relief against ViaWest:

A. On the Trustee's First and Second Claims for Relief, judgement in favor of the Trustee and against ViaWest, avoiding all of the Transfer(s) and directing ViaWest to return to the Trustee the amount of the Transfer(s), pursuant to 11 U.S.C. §§ 547(b) and 550(a), plus interest from the date of demand at the maximum legal rate and to the fullest extent allowed by applicable law.

B. Granting the Trustee such other and further relief as this Court may deem just and proper.

Date: January 12, 2018
     Fort Worth, Texas

Respectfully submitted,

*/s/ Brandon J. Tittle*
Joshua N. Eppich
State Bar I.D. No. 24050567
Clay M. Taylor
State Bar I.D. No. 24033261
Brandon J. Tittle
State Bar I.D. No. 24090436
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile
Joshua@bondsellis.com
Clay.Taylor@bondsellis.com
Brandon.Tittle@bondsellis.com

ATTORNEYS FOR TRUSTEE